# UNITED STATES DISTRICT COURT
for the
District of Oregon

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>The Cellular Telephone Assigned Call Number<br>(971) 237-4148, as described in Attachment A | ) ) ) ) ) ) ) Case No. 3:20-mc-831 |

### APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A hereto,

located in the __Southern__ District of __Florida__, there is now concealed *(identify the person or describe the property to be seized)*:

The information and items set forth in Attachment B hereto.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841 | Possession with Intent to Distribute a Controlled Substance |
| 21 U.S.C. § 843(b) | Use of a Communication Facility |

The application is based on these facts:
See affidavit in support of search warrant. To ensure technical compliance with 18 U.S.C. §§ 3121-3127, the warrant will also function as a pen register order and an accompanying application certified by a government attorney is included. See 18 U.S.C. §§ 3122(b), 3123(b).

☑ Continued on the attached sheet.

☑ Delayed notice of __30__ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Devin A Sperling, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by Telephone at 2:31 p.m. (specify reliable electronic means).

Date: __08/13/2020__

_____
*Judge's signature*

City and state: __Portland, Oregon__    Stacie F. Beckerman, United States Magistrate Judge
*Printed name and title*

BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**PARAKRAM SINGH, OSB #134871**
Assistant United States Attorney
Parakram.Singh@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF PEN REGISTERS AND TRAP AND TRACE DEVICES | Misc. No. _____<br><br>APPLICATION<br><br>UNDER SEAL |

      The United States of America pursuant to 18 U.S.C. § 3122, hereby applies to this Court for an order pursuant to 18 U.S.C. § 3123 authorizing the installation and use of pen registers and trap and trace devices ("pen-trap devices") to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the cell phone number described in the accompanying warrant and application. In support of this application, the United States asserts:

      1.      This is an application, made under 18 U.S.C. § 3122(a)(1), for an order under 18 U.S.C. § 3123 authorizing the installation and use of pen registers and trap and trace devices.

      2.      Such an application must include three elements: (1) "the identity of the attorney for the Government or the State law enforcement or investigative officer making the application"; (2) "the identity of the law enforcement agency conducting the investigation"; and

(3) "a certification by the applicant that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by that agency." 18 U.S.C. § 3122(b).

3. The undersigned applicant is an "attorney for the government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure.

4. The law enforcement agency conducting the investigation is the Drug Enforcement Administration (DEA).

5. The applicant hereby certifies that the information likely to be obtained by the requested pen-trap devices is relevant to an ongoing criminal investigation being conducted by the FBI. The details of the ongoing criminal investigation, as well as the information to be obtained, are described in the accompanying warrant and attachments.

6. This Court is a "court of competent jurisdiction" under 18 U.S.C. § 3122(a)(2) because it "has jurisdiction over the offense being investigated," 18 U.S.C. § 3127(2)(A)(i).

## Government Requests

7. For the reasons stated above and in the accompanying warrant and attachments, the United States requests that the Court include in the authorization of that warrant an order authorizing the installation and use of pen-trap devices to record, decode, and/or capture the dialing, routing, addressing, and signaling information described as described in the warrant and attachments.

Dated: August 13, 2020

Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney

*s/ Parakram Singh*
PARAKRAM SINGH, OSB #134871
Assistant United States Attorney

# ATTACHMENT A

## Property to Be Searched

1. The cellular telephone assigned call number 971-237-4148 (hereinafter "**SP-4148**"), whose wireless service provider is AT&T (hereinafter "Provider"), a wireless telephone service provider headquartered at 11760 US Highway 1, Suite 600, North Palm Beach FL, 33408 Information about the location of **SP-4148** that is within the possession, custody, or control of the Provider.

## ATTACHMENT B

### Particular Things to Be Seized

I.  **Information to Be Disclosed by AT&T (hereinafter "Provider"):**

    A.    Prospective Information: All information about the location of the cellphone assigned call number 971-237-4148 (hereinafter "**SP-4148** ") described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information [distance from tower, range to tower (PCMD/RTT/REVEAL/Historic MLTs, TrueCall, TDOA or Timing Advance Information or other similar un-named records held by the Provider)], as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

    B.    To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of Provider, Provider is required to disclose the Location Information to the government. In addition, Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Provider's services, including by initiating a signal to determine the location of the Target Cell Phone on Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate Provider for reasonable expenses incurred in furnishing such facilities or assistance.

**Attachment B**                                                                                                                   **Page 1**

C. This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II. Information to Be Seized by the Government

All information described above in Section I that constitutes evidence, fruits, and instrumentalities of violations of Title 21, U.S.C., Section 841(a)(1) and 846, Possession with Intent to Distribute and Conspiracy to Possess with the Intent to Distribute Heroin; and Title 21, U.S.C., Section 843(b), Use of a Communication Facility in Furtherance of a Drug Crime, for a period of 30 days from the date of the execution of the search warrant, for **SP-4148**, listed in Attachment A.

DISTRICT OF OREGON, ss:          AFFIDAVIT OF DEVIN A. SPERLING

## Affidavit in Support of an Application
## for a Search Warrant for Geolocation Data

I, Devin A. Sperling, being duly sworn, do hereby depose and state as follows:

### Introduction and Agent Background

1.      I am a Special Agent with the Drug Enforcement Administration (DEA) and have been since October 26, 2018. My current assignment is Task Force Group D-51, of the Portland District Office. As such, I am an "investigative or law enforcement officer" within the meaning of Section 2510(7) of Title 18, United States Code; that is, an officer of the United States empowered by law to conduct investigations of, and make arrests for, offenses enumerated in Title 18, United States Code, Section 2516. My training and experience includes 16 weeks at the Drug Enforcement Administration Academy at Quantico, Virginia. At the academy, I was trained in all aspects of conducting narcotics investigations to include debriefing defendants, witnesses, and informants, conducting surveillance, executing search warrants, conducting controlled deliveries, utilizing law enforcement, open source, and social media databases, and seizing narcotics and narcotics-related assets. I have also acquired knowledge and information about illegal drug trade and the various means and methods by which it is furthered from formal and informal training, other law enforcement investigators, informants, individuals I have interviewed, and from my participation in investigations. I have also worked with and consulted numerous agents and law enforcement officers who have investigated drug trafficking offenses.

2.      I submit this affidavit in support of an application for a search warrant under Rule 41 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 2703(c)(1)(A) for information

about the cellular telephone assigned call number:

- **(971) 237-4148**

(hereinafter "**Subject Phone-4148**" or "**SP-4148**"), whose service provider is AT&T (hereinafter "Provider"), a wireless telephone service provider headquartered at 11760 U.S. Highway 1, Suite 600, North Palm Beach, FL, 33408, as described in Attachment A hereto. As explained below, I believe there is probable cause to obtain the location information and other information as described in Attachment B hereto.

3.      Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. *See* 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute.   *See* 18 U.S.C. § 3123(b)(1).

4.      This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. The facts set forth in this affidavit are based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, interviews of witnesses, a review of records related to this investigation, communications with others who have knowledge of the events and circumstances described herein, and information gained through my training and experience.

5.      Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 21 U.S.C. §§ 841(a)(1) and 846, Possession with the Intent to Distribute a

Controlled Substance and Conspiracy to Possess with the Intent to Distribute a Controlled Substance, and 21 U.S.C. § 843(b), Use of a Communication Facility to Distribute a Controlled Substance (hereinafter "Target Offenses") have been committed, are being committed, and will be committed Christopher Joshua Ruggles (hereinafter "Ruggles.") There is also probable cause to believe that the location information and other information described in Attachment B will constitute evidence of these criminal violations and will lead to the identification of individuals who are engaged in the commission of these offenses.

6. The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

## Target Offenses

7. I believe there is probable cause to believe that evidence of the following violations will be found in the places to be searched:

- Title 21, U.S.C., Section 841(a)(1) and 846, Possession with Intent to Distribute and Conspiracy to Possess with the Intent to Distribute heroin.
- Title 21, U.S.C., Section 843(b), Use of a Communication Facility in Furtherance of a Drug Crime.

## Confidential Source Information

8. Confidential Source 1 (hereinafter "CS-1") has provided information to the DEA since March 2020. CS-1 has no criminal conviction history. Previously, CS-1 was a target in a Title III investigation involving the unlawful distribution of methamphetamine, heroin, and

cocaine.   No criminal charges were filed against CS-1 in that case, and CS-1 is currently providing information and assistance to the DEA out of a desire to avoid criminal charges or receive a reduced sentence.   CS-1 has provided reliable information to the DEA that has been independently corroborated by Investigators.

9.      Confidential Source 2 (hereinafter "CS-2") has provided information to Washington County investigators since May, 2020. CS-2 had previously been arrested and convicted for Distribution of a Controlled Substance, Felon in Possession of a Weapon, Possession of a Controlled Substance, Unauthorized Use of a Motor Vehicle, Burglary in the First Degree, Attempted Robbery in the First Degree, Robbery in the Second Degree, Theft in the Second Degree, Failure to Register as a Sex Offender, Felony Fleeing and Attempting to elude police in a vehicle, DUII, Assault in the Third Degree, Unlawful Use of a Weapon, and probation violations.   The CI has provided information about drug traffickers in Washington County, Oregon that was corroborated through surveillance and drug purchase operations.   The CI is currently providing information in exchange for possible sentencing consideration.

**Statement of Probable Cause**

*Background of the Investigation*

10.     In March 2020, investigators from DEA Portland District Office, Group D-51 began an investigation into a Mexico based Transnational Criminal Organization distributing heroin, methamphetamine, and counterfeit pills in the vicinity of Portland, OR.

11.     In May 2020, CS-1 provided investigators with the Mexican phone number 52-6648137213 (hereinafter SP-7213). CS-1 stated this number was used by Daniel Contreras, and identified Contreras as a facilitator based in Mexico, who would provide local contacts for

narcotics distribution. Investigators entered SP-7213 in law enforcement databases and found the number to be connected to a Washington County Interagency Narcotics Team (WIN) investigation.

12.  In May 2020, Washington County investigators were simultaneously conducting an investigation into Daniel Contreras. Communications with Contreras via CS-2 indicated that an unidentified Hispanic male utilizing phone number 971-900-8241 (hereinafter UM-8241) could supply CS-2 with heroin. DEA and Washington County investigators contacted each other after learning that both agencies were investigating related targets. DEA Group D-51 and Washington County Interagency Narcotics Team (WIN), agreed to combine investigative resources following this communication.

13.  On August 5th, 2020 the Honorable Judge Marco Hernandez signed a court order authorizing T-III voice and SMS intercepts of 971-900-8241 (hereinafter SP-8241) utilized by UM-8241. Investigators began receiving intercepts on August 6th, 2020.

*Ruggles utilizes SP-4148 to facilitate heroin transaction*

14.  Since investigators began monitoring SP-8241, the intercepts have been almost exclusively related to the sale and transportation of narcotics. Based on my training and experience I know that narcotics distributors will often have one phone they use exclusively for narcotics transactions. Based on the intercepts we have received up to this point I believe UM-8241 uses SP-8241 solely for arranging narcotics deals.

15.  On August 8, 2020 investigators intercepted **SP-4148** exchanging SMS messages with SP-8241. Investigators subpoenaed telephone records for SP-4148 and found the phone is currently subscribed to Christopher Joshua Ruggles. Ruggles is previously known to

**Affidavit of Devin A. Sperling**                                                                                           **Page 5**

investigators as a narcotics distributor operating in Washington County, Oregon.

16. UM-8241 and Ruggles exchanged the following SMS messages. All messages were intercepted in English. UM-8241 utilized SP-8241 and Ruggles utilized **SP-4148** for all messages.

> RUGGLES: How much I owe?
>
> UM-8241: 3,000
>
> RUGGLES: Y I want to bring me 10 more and I'll pay you your money.
>
> RUGGLES: Anyways can you bring me 10 more and I'll pay the money I/O you I only owe you 3000 right?
>
> UM-8241: There are 6 thousand you gave me 2 thousand there are 4 thousand left.
>
> RUGGLES: Ok I got it.
>
> RUGGLES: In the morning if you want can you bring me 20 oz of them cause I have 10 sold in the morning and You can bring them to that place I met you and I'll have extra mobey you out down.
>
> RUGGLES: Can you cone out around like 12 or one?

17. Based on my training and experience I know that drug dealers rarely refer to narcotics directly when they communicate. Based on the prices and quantities they discuss, I believe Ruggles and UM-8241 discussed heroin transactions as the prices are consistent for the current prices of heroin in the quantities listed in the messages. I believe Ruggles confirmed to UM-8241 that he owed $3,000 from a previous narcotics transaction. UM-8241 then informed Ruggles that he paid $2,000 out of $6,000 owed, and Ruggles still owed UM-8241 $4,000. I

believe Ruggles went on to propose that if UM-8241 brings 20 ounces of heroin Ruggles can pay for that amount as well as what he previously owed.

18.     Based on the foregoing, I believe Ruggles is committing and will continue to commit the Target Offenses. Furthermore, I believe Ruggles is using a cellphone, specifically **SP-4148**, in furtherance of these offenses. I request the court issue a federal search and seizure warrant authorizing Investigators to collect and monitor the geolocation of **SP-4148**, which is also being used in furtherance of the Target Offenses.

## Records Held by Provider

19.     In my training and experience, I have learned that Provider is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the cellular telephones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically

less precise that E-911 Phase II data.

20.     Based on my training and experience, I know that Provider can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on Provider's network or with such other reference points as may be reasonably available.

21.     Based on my training and experience, I know that Provider can collect cell-site and other location data about the Target Cell Phone, including the information requested in Attachment B. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as Provider typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

## Conclusion

22.     Based on the foregoing, I request that the Court issue the proposed geolocation search warrant for **SP-4148** pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c). I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

23.     I further request that the Court direct Provider to disclose to the government any information described in Attachment B that is within the possession, custody, or control of

Provider. I also request that the Court direct Provider to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with Provider's services, including by initiating a signal to determine the location of the Target Cell Phone on Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government.

24. Prior to being submitted to the Court, this affidavit, the accompanying application, and the requested search warrant were all reviewed by Assistant United States Attorney (AUSA) Parakram Singh. I was informed that it is AUSA Singh's opinion that the affidavit and application are legally and factually sufficient to establish probable cause to support the issuance of the requested warrant and that the information likely to be obtained is relevant to an ongoing criminal investigation.

## Request for Precluding Notice

25. It is respectfully requested, pursuant to 18 U.S.C. § 2705(b), that Provider be ordered not to disclose the existence or service of the search and seizure warrant to the subscriber, customer, or any other person, for a period of one year from the date of said order (unless that period is extended by further order of the Court), except as required to disclose to Provider's officers, employees, or agents to the extent necessary to comply with the warrant. Based upon my knowledge, training, and experience, it is my belief that notification at this time of the existence of the warrant may result in the endangerment of the life or physical safety of an individual, flight from prosecution, the destruction of or tampering with evidence, intimidation of potential witnesses, and/or otherwise seriously jeopardize an investigation.

**Affidavit of Devin A. Sperling**                                                                                                    **Page 9**

### Request for Delaying Notice

26. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Based upon my knowledge, training, and experience, it is my belief that providing immediate notice to subscriber or user of the Target Cell Phone may result in the endangerment of the life or physical safety of an individual, flight from prosecution, the destruction of or tampering with evidence, intimidation of potential witnesses, and/or otherwise seriously jeopardize an investigation. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

### Request for Sealing

27. I further request that this Court issue an order sealing, until further order of the Court, all papers submitted in support of the requested search warrant, including the application, this affidavit, the attachments, and the requested search warrant. I believe that sealing these documents is necessary because the information to be seized is relevant to an ongoing investigation, and any disclosure of the information at this time may endanger the life or physical

safety of an individual, cause flight from prosecution, cause destruction of or tampering with evidence, cause intimidation of potential witnesses, or otherwise seriously jeopardize an investigation. Premature disclosure of the contents of the application, this affidavit, the attachments, and the requested search warrant may adversely affect the integrity of the investigation.

/s/ Sworn to by telephone at __2:31__ a.m./p.m
*In accordance with Fed. R. Crim. P. 4.1*
Devin A. Sperling
DEA Special Agent

Sworn to by telephone at __2:31__ a.m./p.m. in accordance with Fed. R. Crim. P. 4.1 this __13th__ day of August 2020.

_____
HONORABLE STACIE F. BECKERMAN
United States Magistrate Judge

**Affidavit of Devin A. Sperling** Page 11